W. W. KINGLE v. STATE.

No. A-1764.   Opinion Filed January 17, 1914.

Appeal from District Court, Craig County;
Preston S. Davis, Judge.

W. W. Kingle was convicted of burglary in the second degree and appeals. Dismissed.

E. J. Hobdy, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, W. W. Kingle, was tried and convicted in the district court of Craig county for the crime of burglary in the second degree. In accordance with the verdict of the jury, on the 19th day of December, 1911, the court pronounced judgment and sentenced him to imprisonment in the penitentiary for the term of two years. A petition in error with case-made was filed in this court on June 12, 1912. The Attorney General has filed a motion to dismiss the appeal for the following reasons: "Because the record shows that this is an attempted appeal from a judgment of conviction for a felony, to wit, burglary, rendered in the district court of Craig county, on December 19, 1911; that at said time the trial court granted plaintiff in error thirty days in which to prepare and serve his case-made upon the county attorney; that thereafter, to wit, on January 18, 1912, and within the time previously granted, the court granted an additional extension of sixty days within which to prepare and serve case-made; that thereafter to wit, on March 16, 1912, and within the time theretofore granted, the court made an additional order extending the time sixty days to plaintiff in error within which to prepare and serve his case-made; that thereafter, to wit, on May 18, 1912, the trial court attempted to make an additional order extending the time for preparing and serving case-made thirty days, but the Attorney General respectfully submits that the time theretofore granted had expired on and with the 17th day of May, 1912, and the court was therefore without power to make this pretended additional extension on May 18, 1912. That the case-made was not served on the county attorney until the 3d day of June, 1912, and after the time legally granted had expired. In this connection, the Attorney General desires to call the court's attention to the fact that the month of February, 1912, has twenty-nine days. Wherefore, the Attorney General says that this court is without jurisdiction except to dismiss this appeal, there being no certified transcript of the record accompanying the petition in error." From an examination of the record it is our opinion that the motion to dismiss the appeal is well taken. The purported appeal herein is therefore dismissed and the cause remanded to the district court of Craig county with direction to enforce its judgment and sentence therein.